UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
PENNSYLVANIA

RECEIVED.

JUN 0 5 2017



PER _____ DEPUTY CLERK

Eugene Davis,
        Petitioner,

vs.

Warden SPALDING,
        Respondent.

PETITION FOR WRIT OF
HABEAS CORPUS

3:17cv968

FILED
SCRANTON

JUN - 5 2017

PER _____ DEPUTY CLERK

Petitioner makes this application for writ of habeas corpus on

the ground that he is unlawfully detained and restrained of

his liberty by Warden, SPALDING.

Petitioner is now in the custody of respondent atFCC Allenwood,

in White Deer, Pennsylvia.

The cause for the pettioners detention and restraint is he was

previously convicted of being a felon in possession of a firearm

in violation of 18, U.S.C. § 922(g)(1) while being an armed

career criminal in violation of 18, U.S.C. § 924(e), in, the

United States District Court, for the Northern District of Iowa

This detention and restraint is unlawful because petitioner was

wrongfully sentenced as an Armed Career Criminal. The District

Court found  that the conduct which caused the petitioner to be

previously convicted in the State of Iowa, i.e. Burglary, could

also  give rise to an enahnced punishment, as a violation of

Title 18 U.S.C. § 924(e).

Petitioner Davis comes by way of Title 28 U.S.C. §§ 2241 and 2255(e) Savings Clause for relief from an illegal sentence which was imposed in lack of statutory authority, by punishing conduct that falls outside of the scope of the Armed Career Criminal Act of Title 18 U.S.C. § 924(e) in light of Mathis v. United States, 136 S. Ct. 2243 (2016).

It is important that this Court adopts jurisdiction over the Petitioner because without this Courts intervention, Mr. Davis will have no other remedy to relief as motion by 28 U.S.C. § 2255 has proved to be inadequate or ineffective to test the legality of his sentence and detention, and if left uncorrected will result in a complete miscarriage of justice.

A motion to vacate a sentence that exceeds the statutory maximum is generally by way of 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a)("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed ... in excess of the statutory maximum authorized by law ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence".) See also Massey v. United States, 581 F.3d 172, 174 (3rd Cir. 2009)("A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally attack a conviction or sentence.") In limited circumstances where § 2255 is deemed "inadequate or ineffective" to test the legality of the detention in Petitioner's case can resort to the use of Habeas Corpus under § 2241 incorporated § 2255(e) Saving Clause.

-2-

In a petition to the Eight Circuit Court of Appeals, seeking authorization to file a second § 2255 in the sentencing Court in the Northern District of Iowa, the Court denied request holding that Mathis v. United States "was not a new constitutional ruling but rather a statutory interpretation." Davis v. United States, 16-2293. In the petition at hand, Mr. Davis can show that he is actually innocent of the allegations that gave rise to his ACCA sentence.

The Armed Career Criminal Act is a federal law that has been enforced by a criminal statute. See Title 18 U.S.C. § 924(e). And it's only purpose is imposing fix sentences on a particular category of defendant's whom primary conduct fall within the reach of the criminal law. See, Welch v. United States, 194 L. Ed. 2d 387 (2016)(holding § 924(e) to be a substantive federal criminal statute)(quoting Bousley v. United States, 523 U.S. 614, 620 (1998)).

The Court held that a substantive federal criminal statute does not reach certain conduct, [share a key commonality with] decisions placing conduct beyond the power of the law-making authority to proscribe; both necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal. Ibid.

The Court in Welch emphatically found the principles of Bousley and Davis v. United States, 417 U.S. 333 (1974) applicable to sentencing laws that has been promulgated by an act of Congress. By extension, where the conviction or sentence in fact is not authorized by substantive law, then finality interest are at their

-3-

weakest. <u>Welch</u>, 194 L. Ed. 2d at 401. There is little societal interest in permitting the criminal process to rest at a point where it ought properly never to repose. <u>Mackey v. United States</u>, 401 U.S. 667, 693 (1971).

Petitioner must be afforded relief under the Safety Valve provided in § 2255 as he had no prior opportunity to challenge the imposition of his sentence for a crime later deemed non-criminal because of an Intervening Change in the law. <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3rd Cir. 2002)(citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3rd Cir. 1997).

Petitioner request relief in light of <u>Mathis</u> which held that "burglary under Iowa code can not give rise to an ACCA sentence." <u>Id.</u> at 2248. The Supreme Court in <u>Mathis</u> specifically overturned the Eighth Circuit's holding that conduct violative of Iowa's burglary code was covered by the ACCA's enumerated generic burglary of 18 U.S.C. § 924(e)(2)(B)(ii) see <u>United States v. Mathis</u>, 786 F.3d 1068 (8th Cir. 2015)("Whether these amount to alternative elements or merely alternative means to fulfilling an element, the statute is divisible, and we must apply the modified categerical approach) <u>Id.</u> at 1075; see also <u>United States v. Christy</u>, 1996 U.S. App. LEXIS 10414 (8th Cir. 1996)("The court then made a finding that this conviction was generic burglary and imposed the ACCA enhancement). The Eighth Circuit held that the possibility that his conduct fell outside of the scope of ACCA was insufficient to grant relief. <u>United States v. Kriens</u>, 270 F.3d 597 (8th Cir. 2001)("It is not enough that under Iowa law a defendant could have been convicted

-4-

under a burglary statute for conduct falling outside of our generic definition of burglary). at 605. The court in Kriens also held that Kriens was obligated to show that he was convicted of conduct falling outside the definition. That being said, the statutory element of a prior conviction requirement, to correspond with Taylor, intra, generic burglary definition was insufficient proof, that he may have been punished for conduct that the law does not make criminal. Bousley, 523 U.S. at 620 (quoting Davis, 417 U.S. at 346). But the only way such showing could be made is by proving not that the elements of the prior conviction but the facts underlying that conviction lacked correspondence to generic burglary definition set out in Taylor v. United States, 495 U.S. 575 (1990)("A crime counts as "burglary" under the act if it's elements are the same as or narrower than, those of the generic offense").

Before Mathis, even the Third Circuit Court Appeals resulted to documents beyond the Taylor and Shepard v. United States, 544 U.S. 13 (2005) limitation. See United States v. Noble, 2015 U.S. Dist. LEXIS 32395, relying on United States v. Bennett, 100 F.3d 1105, 1110 (3rd Cir. 1996)(holding the statute provides for alternative basis for convictions. It includes offenses that are not within the generic definition of burglary, consequently, it is a divisible statute.) But, see post-Mathis decision in United States v. Harris, 2016 U.S. Dist. LEXIS 117070("The Pennsylvania crime of burglary at issue here is not a violent felony under the ACCA, thus, defendant's burglary conviction does not qualify as a predicate offense under the ACCA").

-5-

Petitioner can show that he is actually innocent of violating
§ 924(e)(2)(B)(ii) by previously committing burglary under Iowa
code. Only a jury, and not a judge, may find facts that increase
the penalty except for the simple fact of a prior conviction"
Mathis, quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The
court explained that to mean "a judge can not go beyond identifying
the crime of conviction to explore the manner in which the
defendant committed that offense. With that being said, the actual
innocence showing need not be extended past Mr. Davis' making a
claim of which a "reasonable jurist could debate whether he
should obtain relief in his collateral challenge to his sentence.
Welch, 194 L. Ed. 2d at 398-99. Bousley ("The Supreme Court determined
that it is appropriate to permit the accused to 'attempt' to make
a showing of actual innocence ... the accused must demonstrate that
in light of all the evidence, it is more likely then not that no
reasonable juror would have convicted him"). The same standard
must be applied to this case, i.e. in light of all the evidence
there is no way Mr. Davis' three prior burglary convictions would
have convicted him of violating § 924(e), and because there is no
other qualifying predicates in defendants criminal history, his
sentence is not authorized by law. And, if not rectified would
work a complete miscarriage of justice.

## CONCLUSION

Wherefore, Petitioner was sentenced to 210 months imprisonment
in light of his illegal enhancement. The maximum term of imprisonment
generally for a  conviction of being a felon in possession of a

-6-

firearm is ten years, see Title 18 U.S.C. § 924(a). Petitioner's sentence is 7½ years beyond appropriate statutory maximum in violation of the Due Process Clause and applicable law. If but for this illegal sentence, Petitioner would not be currently in prison. Thus, he shall be granted immediate relief to avoid a miscarriage of justice.

Date:_____

/s/_____
Eugene Davis
Reg. No. # 10919-029
FCC Allenwood Medium
Post Office Box 2000
White Deer, Pennsylvania
17887-2000

Petitioner request for the Court to Construe his petition liberally, see Hains v. Kemer, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Mr. Davis declares under the penalty of perjury Codified by 28, U.S.C. §1746, That he is a pro se applicant with no assistance of professional Counsel; and that all of the afore-mentioned facts and statement are true to the best of his knowledge; and finally the applicant swear under the penalty of perjury codified by the above Citation that, he is indigent here at FCC Allenwood as he possesses no more than $0.01¢ in his inmate trustfund account and thereby prays for this Court to permit the instant filing in forma Pauperis.



#10919-029
FCI Allenwood-medium
P.O. Box 2000
White Deer, PA 17887

RECEIVED
SCRANTON

PER_____
DEPUTY CLERK

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17862-2000

DATE   MAY 30 2017

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS
JURISDICTION, YOU MAY WISH TO RETURN THE
MATERIAL FOR FURTHER INFORMATION OR
CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE
ABOVE ADDRESS.

Legal MAIL