**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EUGENE DAVIS, | NO. 3:17-CV-00968 |
| Petitioner, | |
| v. | (JUDGE CAPUTO) |
| WARDEN SPAULDING, | (MAGISTRATE JUDGE MEHALCHICK) |
| Respondent. | |

## **MEMORANDUM**

Presently before me is Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 25) regarding Petitioner Eugene Davis's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Magistrate Judge Mehalchick recommends that Davis's Petition be dismissed for lack of jurisdiction because he cannot proceed by way of Section 2241, as he is challenging the legality of his sentence and must therefore proceed under 28 U.S.C. § 2255 (even though any new Section 2255 motion would be barred as successive). (Doc. 25 at 6-10). Davis objects, arguing that his particular situation qualifies for the "saving clause" of 28 U.S.C. § 2255(e), which would permit me to consider his Petition on the merits. (Docs. 28, 29). Although Davis might prevail in other circuits, Third Circuit precedent forecloses the possibility of habeas relief through Sections 2255(e) and 2241 on the ground Davis raises—"innocence of the sentence." The R&R will therefore be adopted, and Davis's Petition will be dismissed without prejudice for lack of jurisdiction.

### **I. Background**

Davis's story begins in 2009, when he

> pleaded guilty to possession of a sawed-off shotgun by an armed career criminal, in violation of [18 U.S.C.] §§ 922(g)(1) and 924(e)(1) [provisions of the Armed Career Criminal Act ("ACCA").] Davis admitted in his plea agreement that he had three prior burglary convictions, each of which constituted a "violent felony" under 18 U.S.C. § 924(e)(2)(B), and that he was

> an armed career criminal. His presentence investigation report (PSR) showed that his prior burglary convictions each involved the burglary of an automobile dealership. Davis did not object to these paragraphs of the PSR. But Davis did object to the PSR's application of U.S.S.G. § 4B1.2, maintaining that commercial burglary is not a "crime of violence" for purposes of the career offender provision. At sentencing, Davis's counsel acknowledged that "the Eighth Circuit Court of Appeals has defined the 'commercial burglary' as a crime of violence for that—for the purposes of career offender." Counsel advised the district court that he was "simply including that argument to preserve that issue for appeal." The district court overruled Davis's objection[, sentencing him to 17.5 years' imprisonment.]

*United States v. Davis*, 414 F. App'x 891, 892 (8th Cir. 2011). The designation of Davis's previous crimes matters because if his commercial burglaries did not constitute "crimes of violence," his mandatory minimum sentence of 15 years' imprisonment would have shrunk to a 10-year *maximum* sentence. *Compare* 18 U.S.C. § 924(a)(2) *with id.* § 924(e). The Eighth Circuit affirmed the district court's sentence in 2011, though, reasoning that burglary of a commercial building constitutes a crime of violence. *Davis*, 414 F. App'x at 892. Davis's petition for a writ of certiorari was subsequently denied on November 7, 2011. *Davis v. United States*, 565 U.S. 1015 (2011).

Then, on October 18, 2012, proceeding *pro se*, Davis filed a Section 2255 motion to vacate, set aside or correct his sentence. (*See* Doc. 10-1 at 13). In his motion, Davis argued, "among other things, that counsel had rendered ineffective assistance because the burglary predicates for the ACCA did not meet the definition of generic burglary." (Doc. 29 at 6-7). But because Davis had essentially already made that argument on direct appeal, the sentencing court denied the motion. *See Davis v. United States*, No. 1:12-cv-00107-LRR, Doc. 12 at 5 (N.D. Iowa Nov. 7, 2013) (citing *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013)). The court declined to issue a certificate of appealability. *Id.* at 8.

Finally, in 2015 and in 2016, Davis filed two petitions for permission to file successive habeas petitions with the Eighth Circuit, pursuant to 28 U.S.C. § 2255(h). (*See* Doc. 10-1 at 15-22). In the meantime, the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), holding that convictions under the same Iowa burglary statute Davis was

2

convicted under "cannot give rise to an ACCA sentence" because the statute encompasses more than just "generic burglary." *Id.* at 2257. In other words, *Mathis* rendered Davis "innocent of the sentence" he received. But *Mathis* did not constitute "newly discovered evidence" or a "new rule of constitutional law," per 28 U.S.C. § 2255(h), so the Eighth Circuit denied Davis's petitions. (*See* Doc. 10-1 at 16, 23-24).

Accordingly, on June 5, 2017, Davis filed the instant Petition pursuant to Section 2241, arguing that he may proceed under Section 2255(e)'s saving clause, which allows courts to entertain otherwise barred petitions if "the remedy by [Section 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." (*See* Doc. 1). (Section 2241 petitions must be filed in the district of confinement, *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); Davis is housed within this district at FCC Allenwood (Doc. 1 at 1)). The Government initially agreed with Davis, stating that he was entitled to relief in the form of re-sentencing. (Doc. 10 at 1). However, Magistrate Judge Mehalchick called the parties' attention to Third Circuit precedent suggesting innocence of the sentence claims like Davis's cannot be brought in Section 2241 petitions. (*See* Doc. 15). Magistrate Judge Mehalchick appointed Davis counsel, and both sides were provided an opportunity to respond. (*See id.*; Doc. 20; Doc. 24). The Government reversed its position, arguing the Petition must be dismissed. (*See* Doc. 20). In her R&R, Magistrate Judge Mehalchick recommends that Davis's petition be dismissed for lack of jurisdiction because, as she pointed out to the parties earlier, Section 2255(e)'s saving clause does not encompass claims like Davis's. (*See* Doc. 25 at 8-10). Davis timely objected to the R&R. (Doc. 28).

The R&R and Davis's objection have been fully briefed and are now ripe for review.

## II. Legal Standard

If objections to a magistrate judge's R&R are filed, I must conduct a *de novo* review of the R&R's contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)). I may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*,

the law permits me to rely on the recommendations of the magistrate judge to the extent I deem it proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the least, courts should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### III. Discussion

Davis's objection—and ultimately, his Petition—raises a question of law: whether Section 2255(e)'s saving clause applies where a petitioner, barred from filing a successive Section 2255 motion, claims his sentence exceeds a statutory maximum due to an intervening change in statutory interpretation. Magistrate Judge Mehalchick recommends (and the Government argues) that the answer is: No, the saving clause does not apply, largely because of the Third Circuit's decisions in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997); *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002); and *Gardner v. Warden Lewisburg USP*, 845 F.3d 99 (3d Cir. 2017). (*See* Doc. 25 at 6-10). Davis, for his part, objects, arguing that persuasive out-of-circuit precedent suggests the saving clause should apply in his case. (*See* Doc. 29 at 14-17).

Section 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," *Okereke*, 307 F.3d at 120, or in violation of federal law. As alluded to before, second or successive motions under Section 2255 are not permitted, except under two circumstances: where the successive motion "contain[s]" (1) "newly discovered evidence" that would convincingly call into question the petitioner's guilt; or (2) a previously unavailable, retroactively applicable "new rule of constitutional law." 28 U.S.C. § 2255(h). There is, in effect, a third circumstance under which a successive motion is permitted: the "saving clause" of Section 2255(e). That circumstance requires the petitioner to show that although he "has failed to apply for relief, by motion, to the court which sentenced him" or "such court has denied him relief," "the remedy by motion is inadequate or ineffective to test the legality

4

of his detention." 28 U.S.C. § 2255(e). If the petitioner can make that showing, he can then proceed under Section 2241 and have his petition heard on its merits. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). The Third Circuit's decisions in *Dorsainvil*, *Okereke*, and *Gardner* interpret the meaning of the saving clause—specifically, whether "the remedy by motion" in a given case "is inadequate or ineffective."

In *Dorsainvil*, the petitioner "was convicted of using a gun in connection with a drug crime," even though the gun may have been merely present at the scene of the drug crime—conduct which fell within the scope of the statute of conviction at the time of conviction. *Pollard v. Yost*, 406 F. App'x 635, 637 (3d Cir. 2011). The Supreme Court later determined, after the petitioner "had exhausted his direct appeals and a § 2255 petition," that the "mere presence of a gun at the scene of a drug crime" does not constitute "use." *Id.* (citing *Bailey v. United States*, 516 U.S. 137 (1995)). The petitioner argued that the Supreme Court's decision effectively rendered him innocent, and that he deserved a habeas remedy. *Id.* The Third Circuit agreed, holding that the petitioner could proceed under Section 2241 pursuant to Section 2255(e)'s saving clause. *Dorsainvil*, 119 F.3d at 251. The court reasoned that if "it is a 'complete miscarriage of justice' to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, [as the Supreme Court concluded in *Davis v. United States*, 417 U.S. 333, 346-47 (1974),] it must follow that it is the same 'complete miscarriage of justice' when [Section 2255's gatekeeping provisions] make[] that collateral remedy unavailable." *Id.* "In that unusual circumstance," the court explained, "the remedy afforded by § 2255 is 'inadequate or ineffective to test the legality of [the petitioner's] detention.'" *Id.* But the court cautioned that Section 2255 is not "inadequate or ineffective" "merely because th[e] petitioner is unable to meet the stringent gatekeeping requirements . . . ." *Id.*

Judge Sloviter, who authored the opinion in *Dorsainvil*, explained *Dorsainvil*'s limits in *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). In *Okereke*, the petitioner argued that although he had exhausted his direct appeals and a Section 2255 petition, his collateral

5

attack on his sentence on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (a decision unavailable at the time of his direct appeal and first Section 2255 petition) was cognizable under *Dorsainvil* and Section 2255(e). *Okereke*, 307 F.3d at 120. The court disagreed. *Id. Dorsainvil* involved an "intervening change in law" that "potentially made the crime for which that petitioner was convicted non-criminal," whereas "*Apprendi* dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal." *Id.* Thus, even though *Apprendi* may have required Okereke receive a lesser sentence than that which he received, Section 2255 "was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id.* at 121.

*Gardner v. Warden Lewisburg USP*, 845 F.3d 99 (3d Cir. 2017) reaffirmed that *Dorsainvil* (and by extension, the saving clause) does not extend to sentencing error challenges. Gardner, like Okereke, argued that a new Supreme Court decision—*Alleyne v. United States*, 133 S. Ct. 2151 (2013)—rendered his sentence of life in prison unlawful because all sentence-enhancing facts were not submitted to a jury. *Gardner*, 845 F.3d at 102. But Gardner had already exhausted his direct appeals and filed an unsuccessful Section 2255 motion. *Id.* at 101. Accordingly, the court held that even though Gardner could not surmount Section 2255's gatekeeping requirements, the remedy afforded by Section 2255 was not "inadequate or ineffective." *Id.* at 103. This result was dictated, the court explained, under *Okereke*'s logic: new Supreme Court decisions that do not render "previously criminal conduct noncriminal" do not trigger *Dorsainvil* and the saving clause. *Id.* at 102-03. Holding otherwise would allow the saving clause to "swallow the rule that habeas claims presumptively must be brought in 2255 motions." *Id.* at 103.

That brings me to Davis's Petition, which alleges he was unlawfully deemed a career offender. I agree with Magistrate Judge Mehalchick that *Gardner* and *Okereke* preclude application of *Dorsainvil* and the saving clause in Davis's case. There is no principled way to distinguish Davis's claim—that his sentence should be lower because he should not have been designated a career offender per *Mathis*—from the claims of the petitioners in *Gardner* and *Okereke*. Both sets of claims involve petitioners barred from filing successive petitions

who argue, on the basis of new Supreme Court decisions, they have been unlawfully *sentenced*. But *Dorsainvil* and the saving clause are limited, at least in the Third Circuit, to claims of *actual innocence—i.e.*, that the petitioner should not have been detained at all. That is ostensibly because it would only be a "complete miscarriage of justice" for a potentially innocent petitioner, who "never had an opportunity to challenge his conviction as inconsistent with [a new Supreme Court decision,]" to have no habeas remedy, *Dorsainvil*, 119 F.3d at 251—even though a miscarriage of justice may be in the eye of the beholder, *see McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1111 (11th Cir. 2017) (Wilson, J., dissenting), and even though the *Dorsainvil* petitioner, under other courts' logic, already had his habeas remedy because he had the opportunity to challenge his conviction on the ground that later carried the day in the Supreme Court, *see Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. 2018) ("Lewis at least had the *opportunity* to" argue his position "in the face of conflicting Fifth Circuit precedent" and "convince[] the Supreme Court or en banc Fifth Circuit that his position was correct"); *McCarthan*, 851 F.3d at 1087 ("[I]f McCarthan had raised his claim earlier, perhaps he could have been the successful litigant that [the petitioners in relevant Supreme Court cases] later came to be. . . . McCarthan, like [those petitioners,] had a meaningful opportunity to present his claim and test the legality of his sentence before the court of appeals and before the Supreme Court. A test often failed can nevertheless be an adequate test.") (quotation omitted); *Brown v. Caraway*, 719 F.3d 583, 598 (7th Cir. 2013) (Easterbrook, C.J., concerning the circulation under Circuit Rule 40(e)) ("The reason *Begay* came out as and when it did was that Begay made his argument at sentencing and pursued it all the way to the Supreme Court. Brown could have done the same but didn't."). Regardless, although Davis's situation "seems to fall between [*Dorsainvil* and *Okereke*,]" *United States v. Doe*, 810 F.3d 132, 160 (3d Cir. 2015), *Gardner* clarifies that only Supreme Court decisions that render previously criminal conduct noncriminal trigger the saving clause. *See Gardner*, 845 F.3d at 102-03. Since Davis is challenging his sentence, he cannot meet this standard.

Davis first argues that he is not actually challenging his sentence, but rather

7

challenging "his conviction and punishment under the ACCA, Section 924(e)." (Doc. 29 at 12). But Section 924(e) is a "penalty provision" which provides the "punishment associated with violating [18 U.S.C. § 922(g)(1).]" *United States v. Muhammad*, 146 F.3d 161, 163 (3d Cir. 1998). If Davis were granted habeas relief, his conviction under Section 922(g)(1) would not be impacted, resulting in a new sentence of not more than 10 years' imprisonment under the "default" penalty provision of Section 924(a)(2). *See, e.g.*, *United States v. Mathis*, 911 F.3d 903, 906 (8th Cir. 2018) (affirming Mathis's new 80-month sentence after remand from the Supreme Court; Mathis originally pled guilty to violations of 18 U.S.C. §§ 922(g)(1) and 924(e)). So Davis is claiming he is innocent of his sentence, not his conviction.

In the alternative, even if he is challenging his sentence, Davis contends that the saving clause is not limited by its terms to "claims involving only guilt or actual innocence[:]" it applies where a Section 2255 motion would be inadequate or ineffective "to test the *legality of his detention*[,]" not just the legality of his conviction. (Doc. 29 at 10) (emphasis in original) (quotation omitted). That is a convincing argument, but it is beside the point. *Gardner* and *Okereke* do not interpret the word "detention" in Section 2255(e), they interpret the words "inadequate or ineffective." That a petitioner is challenging the legality of his detention is a necessary, but not sufficient, condition to proceeding under the saving clause. Davis still has to show the inadequacy or ineffectiveness of his remedy by Section 2255 motion—which, under *Gardner* and *Okereke*, he cannot do.

Davis next attempts to distinguish *Gardner* on the ground that *Alleyne*, the new Supreme Court decision the petitioner in that case relied on, addressed a change to sentencing procedure as opposed to a "substantive" change like in *Mathis*. (Doc. 29 at 15). I do not find that reasoning persuasive. The only case Davis relies on for that distinction dealt with whether the Supreme Court's *Johnson* decision, which held the ACCA's residual clause unconstitutionally vague, "announced a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding it did). Neither the Court's holding in *Welch* nor its logic distinguishing substantive

8

rules from procedural ones impacts the application of *Dorsainvil* to the present case. The question under *Dorsainvil*, as *Gardner* clarifies, is whether the new Supreme Court decision "establish[es] a rule that ma[kes] prior criminal conduct noncriminal." *Gardner*, 845 F.3d at 103. *Gardner* does note that a "change in substantive law" led to the *Dorsainvil* exception; but it goes on to explain that the saving clause "provides a safety valve for actual innocence," not one through "which all sentencing issues based on new Supreme Court decisions could be raised via § 2241 petitions." *Id.* Here, Davis relies on *Mathis*, but as Magistrate Judge Mehalchick notes, *Mathis* did not render Davis's conduct noncriminal. (Doc. 25 at 9); *see Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (holding convictions under Iowa's burglary statute "cannot give rise to an ACCA sentence"). Thus, Davis cannot take advantage of the saving clause.

One cannot blame Davis for trying, though. Compounding the confusion are conflicting statements in non-precedential Third Circuit opinions on whether innocence of the sentence claims like Davis's might be cognizable in Section 2241 petitions. *Compare In re Baer*, 763 F. App'x 278 (3d Cir. 2019) ("[W]e have not determined whether § 2255(e)'s saving clause is available when a prisoner, like Baer, argues that an intervening U.S. Supreme Court case renders his career-offender designation invalid[.]"), *Thomas v. Warden Fort Dix FCI*, 712 F. App'x 126, 128 n.3 (3d Cir. 2017) ("We have not determined whether § 2255(e)'s saving clause is available when a defendant seeks to challenge his career-offender designation . . . .") (citation omitted), *and Pollard v. Yost*, 406 F. App'x 635, 638 (3d Cir. 2011) ("[W]e do not foreclose the possibility that *Dorsainvil* could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255."), *with Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions.") (citing *Gardner*, 845 F.3d at 103), *Pearson v. Warden Canaan USP*, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws.") (citing *Okereke*, 307 F.3d at

9

120-21), *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241."), *and United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (Section 2241 unavailable where petitioner asserted "only that he is 'innocent' of being a career offender"). And in the meantime, the circuit split on this very issue has deepened. *Compare United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), *and Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), *with McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), *and Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (Gorsuch, J.).

Davis's petition is made all the more compelling by his particular situation: he brought up, on direct appeal, the same argument that carried the day in *Mathis*, regarding the same Iowa statute. It may seem odd to conclude that Section 2255 is "adequate" or "effective" where a petitioner denied relief "was right when [the lower courts] were wrong," *United States v. Doe*, 810 F.3d 132, 161 (3d Cir. 2015). But, compelling or not, Davis's situation does not render Section 2255 inadequate or ineffective under Third Circuit precedent. He was able to raise his *Mathis* claim before *Mathis* existed, albeit unsuccessfully. *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017) (petitioner failed to explain "why the statutory scheme, as written, would not have allowed him to adequately raise his *Alleyne* claim in a § 2255 motion"). That means this Court does not have jurisdiction to consider Davis's Section 2241 petition. *See Fraser v. Zenk*, 90 F. App'x 428, 430 (3d Cir. 2004).

## IV. Conclusion

For the reasons stated above, Magistrate Judge Mehalchick's R&R will be adopted. Davis's Petition will be dismissed without prejudice for lack of jurisdiction.

An appropriate order follows.

| | |
|---|---|
| June 17, 2019<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |